COPY

1  DAVID H. RAIZMAN (SBN 129407)
   david.raizman@dbr.com
2  YEHONATAN COHEN (SBN 244393)
   yehonatan.cohen@dbr.com
3  DRINKER BIDDLE & REATH LLP
   1800 Century Park East, Suite 1400
4  Los Angeles, CA  90067-1517
   Telephone:  (310) 203-4000
5  Facsimile:  (310) 229-1285

6  Attorneys for Defendants
   Kmart Corporation and
7  SHC Desert Springs, LLC

8

9

10

                    FILED
           CLERK, U.S. DISTRICT COURT

                JUL 13 2011

           CENTRAL DISTRICT OF CALIFORNIA
           BY                      DEPUTY

                UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

JEANETTE JAIME,

              Plaintiff,

v.

KMART CORPORATION, a
Michigan Corporation; SHC
DESERT SPRINGS, LLC, a
Delaware Limited Liability
Company; and Does 1-10,

              Defendants.

Case No. EDCV11-1098 VAP(SP)

NOTICE OF REMOVAL OF STATE
COURT ACTION BY DEFENDANTS
KMART CORPORATION AND SHC
DESERT SPRINGS, LLC (28 U.S.C. §§
1331, 1441(B), 1446)

[Riverside Sup. Ct. Case No. 1104496]

19

20

21

22

23

24

25

26

27

28

     **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

**PLAINTIFF AND HER ATTORNEYS OF RECORD:**

     **PLEASE TAKE NOTICE** that defendants Kmart Corporation and SHC

Desert Springs, LLC ("Defendants") hereby invoke this Court's jurisdiction and

remove the state court action described below from the Superior Court of the State

of California for the County of Riverside to the United States District Court for the

Central District of California.

     1.     This Notice of Removal is filed pursuant to, and this Court has

jurisdiction by virtue of, the provisions of 28 U.S.C. §§ 1331, 1441(b) and 1446.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032717.1

NOTICE OF REMOVAL AND REMOVAL OF STATE
COURT ACTION

2.   On May 31, 2011, plaintiff Jeanette Jaime ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Riverside, entitled *Jeanette Jaime v. K Mart Corporation, a Michigan Corporation; SHC Desert Springs, LLC, a Delaware Limited Liability Company; and Does 1-10*, Riverside Superior Court Case No. 1104496 (the "State Court Action").

3.   SHC Desert Springs, LLC was served in the State Court Action on June 13, 2011, including a copy of the Summons, the Complaint and other case-related documents (the "Complaint"). Kmart Corporation has not been served in the State Court Action. A true and correct copy of the Complaint is attached as Exhibit A to this Notice.

4.   On July 12, 2011, Defendants filed their Answer to Plaintiff's Complaint (the "Answer"). A true and correct copy of the Answer is attached as Exhibit B to this Notice. To Defendants' knowledge, the documents attached as Exhibits A and B to this Notice are the only pleadings that have been served on Defendants or filed by Defendants to date in the State Court Action.

5.   This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that original jurisdiction is founded on a claim or right arising under a law of the United States, *i.e.,* the Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*) (the "ADA"). (*See* Complaint ¶¶ 8-9.)

6.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of receipt of the Complaint by any defendant. The date on which SHC Desert Springs, LLC was served was June 13, 2011.

7.   The territorial coverage of the United States District Court for the Central District of California embraces the county and court in which the State Court Action is now pending. 28 U.S.C. § 84(c). Therefore, this action is properly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032717.1                - 2 -                NOTICE OF REMOVAL AND REMOVAL OF STATE
COURT ACTION

1  removed to this Court pursuant to 28 U.S.C. § 1441(a).

2        8.    This removal is authorized by Defendants, the only properly-named

3  defendants in this action.  Defendants are informed and believe, and on that basis

4  allege, that none of the Doe defendants in the State Court Action have been named

5  or served.  Therefore, it is unnecessary to obtain any other defendant's consent to or

6  joinder in this removal.

7        9.    As required by 28 U.S.C. § 1446(d), Defendants will provide written

8  notice of the filing of this Notice of Removal to all other parties to this action and

9  will promptly file a copy of this Notice of Removal with the Clerk of the Superior

10  Court of the State of California for the County of Riverside.

11        WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446,

12  Defendants hereby remove this action from the Superior Court of the State of

13  California for the County of Riverside to the United States District Court for the

14  Central District of California.

15

16  Dated:      July 13, 2011        Respectfully submitted,

17                                DRINKER BIDDLE & REATH LLP

18

19                                By: _____

20                                  David H. Raizman
                                    Yehonatan Cohen

21                                Attorneys for Defendants

22                                Kmart Corporation and
                                    SHC Desert Springs, LLC

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032717.1          - 3 -        NOTICE OF REMOVAL AND REMOVAL OF STATE
                                     COURT ACTION

# EXHIBIT A

6-13-11          2:15 PM

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO:)
K Mart Corporation, a Michigan Corporation; SHC Desert Springs, LLC,
a Delaware Limited Liability Company; and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
Jeanette Jaime

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 01 2011

C. Banda

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la informacion a continuacion.

Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefonica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y mas informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede mas cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencion de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra quitar su sueldo, dinero y bienes sin mas advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remision a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp.espanol/) o poniendose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperacion de $10,000 o mas de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Riverside County Superior Court<br>(El nombre y direccion de la corte es):<br>46-200 Oasis Street<br>Indio, CA 92201 | CASE NUMBER:<br>(Numero del Caso:)<br>1 1 0 4 4 9 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la direccion y el numero del telefono del abogado del demandante, o del demandante que no tine abogado, es):
Center for Disability Access, 9845 Erma Road, Suite 300, San Diego, CA 92131-1084 (858) 375-7385

DATE: _____  Clerk, by _____, Deputy
(Fecha)                         (Secretario)                          (Adjunto)

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): SHC Desert Springs, LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ Other (specify): Corp. Code § 17061, Limited Liability Company

4. ☒ by personal delivery on (date): 6-13-11

[Seal]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq. SBN 166317
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
(888) 422-5191 fax
mark@potterhandy.com

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 31 2011

C. Banda

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF RIVERSIDE

Jeanette Jaime,

    Plaintiff,

    v.

K Mart Corporation, a Michigan
Corporation; SHC Desert Springs,
LLC, a Delaware Limited Liability
Company; and Does 1-10,

    Defendants.

Case No. 1104496

**Complaint For Damages And
Injunctive Relief** For Violations Of:
American's With Disabilities Act;
Unruh Civil Rights Act; California
Disabled Persons Act;

**Demand For Jury**

    Plaintiff Jeanette Jaime complains of Defendants K Mart Corporation, a Michigan Corporation; SHC Desert Springs, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. She suffers from a T-8 spinal cord injury and requires and uses a wheelchair for mobility.

2.   Defendants are, or were at the time of the incident, the owners and operators, lessors and/or lessees of the Kmart located at or about 14011 Palm Drive, Desert Hot Springs, California.

1

Complaint

3.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**FACTUAL ALLEGATIONS:**

4.   The Plaintiff went to the Kmart in mid April 2011 to buy some items. The Kmart is a facility open to the public, a place of public accommodation, and a business establishment.

5.   Unfortunately, the Kmart is not fully accessible to wheelchair users. At the Kmart, there is an electronic credit/debit machine at every check-out aisle. Sometimes called automatic tellers machines (ATMs) or point-of-sale machines, they are a popular and convenient feature offered to customers. Unfortunately, the point-of-sale machines at the Kmart are inaccessible to wheelchair users because the machines lie semi-horizontally on a raised pedestal and the screens face upwards. They violate the California building code and present barriers to persons in wheelchairs.

6.   "In grocery stores and other retail outlets with point-of-sale machines located at individual check stands, machines that are located at the accessible check stand must be made accessible." (Title 24 of the California Code of Regulations (aka "California Building Code") § 1117B.7.2-1). To be accessible, the screen must be positioned so that it is "readily visible to and usable by a person sitting in a wheelchair...." (Build. Code § 1117B.7.5). Where the screen is horizontal (angled

Complaint

1  from 60–90 degrees away from the viewer), the device must be located no greater

2  than 34 inches above the floor. (Build. Code § 1117B.7.5.3). Here, the point-of-sale

3  machines have horizontal screens and are located on pedestals well above 34 inches

4  above the floor—measuring approximately 52 inches above the floor.

5      7.   These inaccessible conditions are barriers to access and amount to violations

6  of the laws pled below. The plaintiff personally encountered these violations and

7  they denied her full and equal access. Plaintiff would like to return and patronize the

8  Kmart but is deterred from doing so on a full and equal basis until the defendants

9  provide access.

10

11  **I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH**

12  **DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants

13  (42 U.S.C. section 12101, et seq.)

14      8.   Plaintiff repleads and incorporates by reference, as if fully set forth again

15  herein, the allegations contained in all prior paragraphs of this complaint.

16      9.   The Defendants are persons who own, operate, lease or lease to a place of

17  public accommodation. As such, the Defendants are required to ensure that persons

18  with disabilities are not discriminated against and, additionally, have specific duties

19  to (1) ensure that all construction, alteration, or modification is barrier free and

20  complies with the Americans with Disabilities Act Accessibility Guidelines

21  ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily

22  achievable," and/or (3) to provide alternatives to barrier removal. The Defendants

23  have failed to meet these obligations.

24

25  **II.  SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

26  **RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

27      10. Plaintiff repleads and incorporates by reference, as if fully set forth again

28  herein, the allegations contained in all prior paragraphs of this complaint.

3

Complaint

11.  The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

## III.  THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

12.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

13.  The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to: (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

4

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: May 7, 2011                 CENTER FOR DISABILITY ACCESS

                                   By: _____
                                   Mark Potter, Esq.
                                   Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 7, 2011                 CENTER FOR DISABILITY ACCESS

                                   By: _____
                                   Mark Potter, Esq.
                                   Attorneys for Plaintiff

5

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Raymond G. Ballister, Jr. / Mark D. Potter  SBN 111282 / 166317<br>Center for Disability Access<br>9845 Erma Road, Suite 300<br>San Diego, CA 92131-1084 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (858) 375-7385    FAX NO.: (888) 422-5191
ATTORNEY FOR *(Name):* Plaintiff, JEANETTE JAIME

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 46-200 Oasis St.
MAILING ADDRESS: 46-200 Oasis St.
CITY AND ZIP CODE: Indio, CA 92201
BRANCH NAME: Larson Justice Center

CASE NAME:
Jaime v. K Mart Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | INC   1 1 0 4 4 7 6 <br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):* 3; ADA, Unruh, CADP

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/26/2011

Mark D. Potter
_____
(TYPE OR PRINT NAME)     ▶     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

JEANETTE JAIME VS KMART CORPORATION ET AL

CASE NO. INC 1104496

This case is assigned to the HONORABLE Judge John G Evans
in Department 2F as the case management department.
The Case Management Conference is scheduled for 11/28/11
at  8:30 in Department 2F.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

Date:  06/01/11                    By: _____
                                   CINDY M BANDA, Deputy Clerk


ac: cmc,cmcb,ntit,cmcc



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 4)

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.   In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 4.0000)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 4.0018)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
- ☐ **Banning** - 135 N. Alessandro Road, Banning, CA 92220
- ☐ **Hemet** - 880 N. State Street, Hemet, CA 92543
- ☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201
- ☐ **Riverside** - 4050 Main Street, Riverside, CA 92501
- ☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.221; Local Rule, Title 4) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

---

PRINT NAME OF PARTY OR ATTORNEY _____   SIGNATURE OF PARTY OR ATTORNEY _____   DATE _____
☐ Plaintiff ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY _____   SIGNATURE OF PARTY OR ATTORNEY _____   DATE _____
☐ Plaintiff ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY _____   SIGNATURE OF PARTY OR ATTORNEY _____   DATE _____
☐ Plaintiff ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY _____   SIGNATURE OF PARTY OR ATTORNEY _____   DATE _____
☐ Plaintiff ☐ Defendant

☐ Additional signature(s) attached

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

RI-ADR1B
Rev. 1/10

# IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the California Courts Web site. Persons with visual impairments can get assistance in viewing this form through the Web site. The Web site is located at *www.courtinfo.ca.gov*.

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

## You Have Important Legal Obligations.

Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. (See *www.dsa.dgs.ca.gov/access/ud_accessmanual.htm*.) Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Web site.

## You Have Important Legal Rights.

You are not required to pay any money unless and until a court finds you liable. Moreover, **receipt of this advisory does not necessarily mean you will be found liable for anything.**

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see *www.dsa.dgs.ca.gov/access/casp.htm*), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the California Courts Web site at *www.courtinfo.ca.gov/selfhelp*. You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference, at that same Web site.

If you choose to hire an attorney to represent you, the attorney who sent you the demand for money or complaint is prohibited from contacting you further unless your attorney has given the other attorney permission to contact you. If the other attorney does try to contact you, you should immediately notify your attorney.

Form Approved for Optional Use
Judicial Council of California
DAL-001 [New October 23, 2009]

**IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
www.courtinfo.ca.gov

### NOTICE TO DEFENDANT
### YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at http://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at http://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF

DEFENDANT

| **DEFENDANT'S APPLICATION FOR STAY & EARLY**<br>**EVALUATION CONFERENCE PER CIVIL CODE 55.54** | CASE NUMBER: |
|---|---|

1. Defendant (names) _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code, section 55.54.
2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code, section 55.52(a)(1).
3. The claim concerns a site that (put a check mark if the statement is true)
   a. _____ Has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected to CASp determination pending and, if CASp inspected, have been no modifications completed or commenced since the date of the inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; AND
   b. _____ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

BOTH "a." and "b." must be checked for the court to order a Stay & Early Evaluation Conference.

4. I am requesting the court to:
   a. Stay the proceedings relating to the construction-related accessibility claim.
   b. Schedule and Early Evaluation Conference
   c. Order Defendant to file a copy of the Certified Access Specialist (CASp) report with the court under seal and serve a cop on the Plaintiff at least fifteen (15) days before the Early Evaluation Conference date, which shall be subject to a protective order.
   d. Order Plaintiff to file the Statement required by Civil Code Section 55.54(d)(5)(A)-(D) with the court and serve a copy of the statement on the Defendant at least fifteen (15) days before the date of the Early Evaluation Conference.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

_____    ▶    _____
      (TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY)

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                         FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF<br><br>DEFENDANT | |
| **NOTICE OF STAY & EARLY EVALUATION CONFERENCE**<br>*(CONSTRUCTION-RELATED ACCESSIBILITY CLAIMS)* | CASE NUMBER: |

## STAY OF PROCEEDING

*For a period of 90 days from the date of the filing of this notice, unless otherwise ordered by the court, the parties are stayed from taking any further action relating to the construction-related accessibility claims or claims in this case.*

*This stay does not apply to any construction-related accessibility claim in which the plaintiff has obtained temporary injunctive relief which is in place.*

## NOTICE OF EARLY EVALUATION CONFERENCE

1. *This action includes a construction-related accessibility claim under Civil Code Section 55.52(a)(1) or other provision of law;*

2. *A defendant has requested an early evaluation conference and a stay of proceedings under Civil Code Section 55.54;*

3. *The early evaluation conference is scheduled as follows:*

   *a. Date:                Time:              Dept:              Judge:*

   *b. The conference will be held at ___ (the court address above), or ___ at: _____*

4. *The plaintiff and defendant shall attend with any other person needed for settlement of the case unless a party's disability requires the party's participation by a telephone appearance or other alternative means or through the personal appearance of an authorized representative.*

5. *The defendants who requested the conference and stay of proceedings shall file with the court under seal and serve on all parties a copy of the CASp report for the site that is the subject of the construction-related accessibility claim at least fifteen (15) days before the date set for the early evaluation conference, which shall be subject to a protective order for confidentiality.*

6. *The plaintiff shall file with the court and serve at least fifteen (15) days before the date set for the early evaluation conference a statement providing the following:*
   *a. An itemized list of specific conditions on the subject premises that are the basis of the claimed construction-related accessibility standards in the plaintiff's complaint.*

American LegalNet, Inc.<br>www.FormsWorkflow.com

b. *The amount of damages claimed;*
c. *The amount of attorney's fees and costs incurred to date, if any, that are being claimed;*
d. *Any demand for settlement of the case in its entirety.*

7. *A copy of this Notice and Order and the Defendant's Application shall be served on the plaintiff or plaintiff's attorney by hand delivering it or mailing it to the address listed on the complaint on the same date that the court issues this Notice and Order of Stay of Proceeding and Early Evaluation Conference.*

*Date:* _____          *Clerk, by* _____ .

*More information about this Notice and Order and the defendant's application and instruction to assist plaintiff and defendant in complying with this Notice and Order may be available at http://www.courtinfo.ca.gov/selfhelp/*

## REQUESTS FOR ACCOMMODATION

*Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before the date on which you are to appear.  Contact the clerk's office or go to www.courtinfor.ca.gov/forms/ for Requests for Accommodations By Persons with Disabilities and Order (form MC-410) (Civil Code Section 54.8).*

## PROOF OF SERVICE

(Required from Defendant Filing Application for Stay and Early Evaluation Conference)

I served a copy of the defendant's Application for Stay and Early Evaluation Conference Pursuant to Civil Code Section 55.54 and the court Notice and Order of Stay of Proceedings and Early Evaluation Conference.

_____    On the plaintiff's attorney.

By hand delivering it or mailing it to the address listed on the complaint on the day the court issued this Notice and Order of Stay of Proceedings and Early Evaluation Conference.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____          _____
Type of Print Name                        Signature

_____
Address of serving person.

# EXHIBIT B

1   DAVID H. RAIZMAN (SBN 129407)
    david.raizman@dbr.com
2   YEHONATAN COHEN (SBN 244393)
    yoni.cohen@dbr.com
3   DRINKER BIDDLE & REATH LLP
    1800 Century Park East, Suite 1400
4   Los Angeles, California 90067-1517
    Telephone:   (310) 203-4000
5   Facsimile:    (310) 229-1285

6   Attorneys for Defendants
    KMART CORPORATION and
7   SHC DESERT SPRINGS, LLC

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF RIVERSIDE

10

11   JEANETTE JAIME,

12           Plaintiff,

13       v.

14   K MART CORPORATION, a Michigan
    Corporation; SHC Desert Springs, LLC, a
15   Delaware Limited Liability Company; and
    Does 1-10,
16

17          Defendants.

Case No. 1104496

Assigned to the Hon. John G. Evans

**ANSWER OF DEFENDANTS KMART CORPORATION AND SHC DESERT SPRINGS, LLC TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 12 2011

C. Walker-Turbyfill

18
19
20
21
22
23
24
25
26
27
28

LA01/ 1032697.2

DEFENDANTS' ANSWER TO COMPLAINT

Defendants Kmart Corporation and SHC Desert Springs, LLC (collectively "Defendants"), by and through their undersigned counsel, respond to the allegations in the unverified complaint (the "Complaint") filed by plaintiff Jeanette Jaime ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendants generally deny each and every material allegation in the Complaint and further deny that Plaintiff is entitled to any relief as alleged in the Complaint or at all.

### SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendants allege all of the following as separate and additional defenses, expressly reserving their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (Acts of Third Parties)

1. The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of Defendants' agency, employment or control.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

#### (Unnecessary and/or Unreasonable Modification)

2. Plaintiff's causes of action are barred on the ground and to the extent that Plaintiff's requested modifications are not necessary and/or are not reasonable.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

#### (Not Readily Achievable)

3. Plaintiff's causes of action are barred on the ground and to the extent that removal of the alleged barriers to access is not readily achievable.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

#### (Substantial Compliance)

4. Plaintiff is not entitled to recover on the causes of action in the Complaint in this

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032697.2                - 2 -

DEFENDANTS' ANSWER TO COMPLAINT

1  action because Defendants have completely or substantially complied with all applicable

2  requirements.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

(Pre-Code Construction, Modification)

5.       Defendants are not obligated to remove the barriers alleged in the Complaint to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

(No Injury in Fact)

6.       The Complaint, and each purported cause of action alleged in the Complaint, is barred on the ground and to the extent that Plaintiff has experienced no injury in fact with respect to the facts alleged in the Complaint.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

(No Damages – Cal. Civ. Code §§ 52, 54.3(a))

7.       Plaintiff is not entitled to recover the damages sought in the Complaint because her admittance to and enjoyment of the facility in question was not denied or interfered with by Defendants.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(No Duplicative Damages – Cal. Civ. Code § 54.3(c))

8.       Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

(Failure to Discharge Conditions Precedent)

9.       Plaintiff is not entitled to bring and/or recover on this action in that she has failed to discharge each of the conditions precedent to suit, including without limitation a failure to exhaust available administrative remedies.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032697.2                              - 3 -

DEFENDANTS' ANSWER TO COMPLAINT

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Moot)

10.    Plaintiff's prayer for injunctive relief is moot and/or will be moot by the time this matter is adjudicated.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Justification/Excuse)

11.    The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

12.    The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

13.    The Complaint, and each purported cause of action alleged in the Complaint, is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

14.    The Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendants because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendants.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

15.    The Complaint, and each purported cause of action alleged in the Complaint, is barred because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032697.2                                    - 4 -

DEFENDANTS' ANSWER TO COMPLAINT

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Claims Barred by Court Order )

16.     Plaintiff's claims are barred on the grounds and to the extent that such claims are precluded by operation of the July 27, 2006 order of  the United States District Court for the District of Colorado in the national class action entitled *Lucas v. K-Mart Corporation,* Case No. 99-cv-01923-JLK.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

17.     Plaintiff is barred from recovering monetary damages on any of the causes of action in the Complaint to the extent that she failed to mitigate or reasonably attempt to mitigate his damages as required by law.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

18.     Plaintiff is not entitled to recover attorneys' fees from Defendants as alleged in the Complaint.  In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees – Failure to Satisfy Elements of Statute)

19.     Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessarily elements of prevailing on a claim for attorneys' fees under the statutes alleged.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.     That Plaintiff take nothing by reason of her Complaint;

2.     That Defendants be awarded judgment in this action and the Complaint be dismissed with prejudice;

///

///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032697.2                               - 5 -

DEFENDANTS' ANSWER TO COMPLAINT

3.   For reasonable attorneys' fees and costs of suit herein incurred; and

4.   For such other and further relief as the Court may deem just and proper.

Dated: July 12, 2011

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: _____

David H. Raizman
Yehonatan Cohen

Attorneys for Defendants
KMART CORPORATION and
SHC DESERT SPRINGS, LLC

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1032697.2

- 6 -

DEFENDANTS' ANSWER TO COMPLAINT

# PROOF OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

    On **July 12, 2011,** I served the foregoing document described as:

**ANSWER OF DEFENDANTS KMART CORPORATION AND SHC DESERT SPRINGS, LLC TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

on the interested parties in this action by transmitting a copy as follows:

Raymond G. Ballister, Jr., Esq.<br>
Mark Potter, Esq.<br>
CENTER FOR DISABILITY ACCESS<br>
9845 Erma Road, Suite 300<br>
San Diego, CA  92131

_____ **By PERSONAL SERVICE**

    _____ by personally delivering such envelope to the addressee.

    _____ by causing such envelope to be delivered by messenger to the office of the addressee.

__X__ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_____ **By FAX TRANSMISSION**

__X__ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 12, 2011,** at Los Angeles, California.

 

CHELÈ MOORE                                     
Name                                              Signature

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **July 13, 2011**, I served the foregoing document described as:

**DEFENDANTS KMART CORPORATION AND SHC DESERT SPRINGS, LLC
NOTICE OF REMOVAL OF STATE COURT ACTION
(28 U.S.C. §§ 1331, 1441(B), 1446);  DISCLOSURE STATEMENT
(F.R.CP. RULE 7.1); NOTICE OF INTERESTED PARTIES
(LOCAL RULE 7.1-1); CIVIL COVER SHEET**
on the interested parties in this action by transmitting a copy as follows:

Raymond G. Ballister, Jr., Esq.
Mark Potter, Esq.
CENTER FOR DISABILITY ACCESS
9845 Erma Road, Suite 300
San Diego, CA  92131
mark@potterhandy.com

_____ **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

__X__ **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____ **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 13, 2011**, at Los Angeles, California.

CHELÉ MOORE                          _Chele Moore_
Name                                 Signature

- 2 -

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **July 13, 2011**, I served the foregoing document described as:

**NOTICE TO ADVERSE PARTIES AND STATE COURT OF
REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANTS**
on the interested parties in this action by transmitting a copy as follows:

Raymond G. Ballister, Jr., Esq.
Mark Potter, Esq.
CENTER FOR DISABILITY ACCESS
9845 Erma Road, Suite 300
San Diego, CA  92131
Telephone:  (858) 375-7385
Fax:  (888) 422-5191
Email:  mark@potterhandy.com

_____   **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

__X__   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

__X__   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 13, 2011**, at Los Angeles, California.

_____          _____
          MELANIE WILLIS                                        _(signature)_
Name                                                          Signature

LA01/ 1032713.1

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1098 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JEANETTE JAIME | KMART CORPORATION, a Michigan corporation, SHC DESERT SPRINGS, LLC, a Delaware Limited Liability Company; and DOES 1 through 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Center for Disability Access; Raymond G. Ballister, Jr. and Mark D. Potter 9845 Erma Road, Suite 300, San Diego, CA 92131 Telephone: (858) 375-7385 | Drinker Biddle & Reath LLP David H. Raizman, Yehonatan Cohen 1800 Century Park East, Suite 1400, Los Angeles, CA 90067 Telephone: (310) 203-4000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   **JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** precise amount unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges discriminatory practices in public accommodations in violation of the Americans with Disabilities Act (42 U.S.C. sec. 12101, et seq.).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

EDCV11-1098

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | Unknown |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | Michigan, Delaware, Illinois |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  Date July 13, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Drinker Biddle & Reath LLP, 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On **July 13, 2011,** I served the foregoing document described as:

**DEFENDANTS KMART CORPORATION AND SHC DESERT SPRINGS, LLC**
**NOTICE OF REMOVAL OF STATE COURT ACTION**
**(28 U.S.C. §§ 1331, 1441(B), 1446);  DISCLOSURE STATEMENT**
**(F.R.CP. RULE 7.1); NOTICE OF INTERESTED PARTIES**
**(LOCAL RULE 7.1-1); CIVIL COVER SHEET**

on the interested parties in this action by transmitting a copy as follows:

Raymond G. Ballister, Jr., Esq.
Mark Potter, Esq.
CENTER FOR DISABILITY ACCESS
9845 Erma Road, Suite 300
San Diego, CA  92131
mark@potterhandy.com

_____   **By ELECTRONIC FILING** (I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel denoted on the attached Service List.)

_X_   **By UNITED STATES MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

_____   **By OVERNIGHT DELIVERY** (by causing such envelope to be delivered to the office of the addressee by overnight delivery via Federal Express or by other similar overnight delivery service.)

_X_   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 13, 2011**, at Los Angeles, California.

|  |  |
|---|---|
| CHELÉ MOORE | *Chele Moore* |
| Name | Signature |

LA01/ 1032948.1